IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAYLOR HEALTH CARE SYSTEM, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-05-CV-0701-H |
| EMPLOYERS REINSURANCE CORPORATION | § § § § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant Employers Reinsurance Corporation ("ERC") has filed a motion to compel discovery in this declaratory judgment action seeking recovery of monies paid on behalf of Baylor Health Care System ("BHCS") and others to settle a state medical malpractice suit. According to ERC, a substantial portion of the settlement was attributable to punitive damages, which are excluded from coverage by the primary policy. The instant discovery dispute involves: (1) redacted portions of the October 2001 billing statement of Cowles & Thompson, the law firm that represented BHCS in the underlying state court action; and (2) an October 10, 2001 e-mail from Elizabeth Huntington, Director of Risk Management for BHCS, to attorneys at Cowles & Thompson.[1] BHCS has refused to produce these documents, citing the attorney-client privilege and the attorney work product doctrine. ERC counters that these privilege claims do not apply for a variety of reasons, including the "common interest" exception to the attorney-client privilege, the "offensive use" doctrine, and because ERC paid for some of the legal services redacted from the October 2001

---

[1] As part of its original motion to compel, ERC also sought two other communications between Huntington and counsel for BHCS. ERC subsequently withdrew its request for this discovery. (*See* Jt. Stat. Rep., 1/11/06 at 1-2).

billing statement. The parties have briefed their respective positions in a joint status report filed on January 11, 2006, and the motion is ripe for determination.

After reviewing the joint status report, the Affidavit of Elizabeth Huntington, and the relevant documents, the court determines that the redacted entries contained in the October 2001 billing statement and the October 10, 2001 e-mail from Huntington to her attorneys are all privileged. The court notes at the outset that only 11 of the 229 entries reflected in billing statement have been redacted by BHCS. All the redactions relate to services performed by Cowles & Thompson for BHCS *after* ERC took the position that its reinsurance certificate did not provide coverage for punitive damages and reflect legal strategies relating to that coverage dispute. The October 10, 2001 e-mail, which also discusses the issue of punitive damages, clearly constitutes a privileged communication between attorney and client made for the purpose of facilitating the rendition of professional legal services. Therefore, the only issue is whether the privilege has been waived.

None of the waiver arguments advanced by ERC defeat the privilege. The substance of the redacted billing entries and the October 10, 2001 e-mail relate to the subject matter of this declaratory judgment action-- whether a portion of the underlying settlement was attributable to punitive damages. That is not a matter of "common interest" to BHCS and ERC. Rather, the interests of the parties on that issue are directly adverse. Nor has the privilege been waived by offensive use. The "offensive use" doctrine does not apply unless the privileged information is "outcome determinative" of the case. None of the information redacted from the billing statement or contained in the e-mail are "outcome determinative" of this declaratory judgment action. Finally, that ERC may have paid part of the defense costs in the underlying lawsuit is irrelevant. It is well-settled that the attorney-client relationship is not disturbed by the fact that a third party may ultimately be responsible for the payment of legal fees.

For these reasons, ERC's motion to compel [Doc. #33] is denied.

SO ORDERED.

DATED: January 12, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE